IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NAPOLEON T. ANNAN-YARTEY, SR., | ) | Civil No. 18-00107 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO:  (1) DISMISS COMPLAINT |
| vs. | ) | WITH LIMITED LEAVE TO AMEND; |
| | ) | (2) DENY PLAINTIFF'S |
| STATE OF HAWAII DEPARTMENT OF | ) | APPLICATION TO PROCEED IN |
| TRANSPORTATION AIRPORT, ET | ) | DISTRICT COURT WITHOUT |
| AL., | ) | PREPAYING FEES OR COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO:  (1) DISMISS
COMPLAINT WITH LIMITED LEAVE TO AMEND;
(2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN
DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On March 19, 2018, Plaintiff Napoleon T. Annan-Yartey, Sr.

("Plaintiff"), proceeding *pro se*, filed a Civil Rights Complaint

to 42 Section 1983 ("Complaint") against Defendants State of

Hawaii Department of Transportation Airport ("DOT");

(2) Securitas Security Service USA Inc. ("Securitas");

(3) Department of State of Hawaii, Department of Public Safety,

Sheriff Division (DIS) ("DPS"); and (4) various doe defendants

(collectively, "Defendants").  ECF No. 1.  That same day,

Plaintiff filed an Application to Proceed in District Court

Without Prepaying Fees or Costs ("IFP Application").  ECF No. 2.

For the reasons set forth below, the Court FINDS AND

RECOMMENDS that the district court DISMISS Plaintiff's Complaint

WITH LIMITED LEAVE TO AMEND as discussed below.  The Court also

RECOMMENDS that the district court DENY WITHOUT PREJUDICE
Plaintiff's IFP Application.

BACKGROUND

The Complaint alleges that, at approximately 3:00 a.m. on
July 4, 2017, Plaintiff was at Honolulu International Airport to
board a flight to New York.  ECF No. 1 at § II, ¶ 9.  As
Plaintiff was walking with his baggage towards the ticket
counter, a Securitas security guard ("Securitas Doe 1") blocked
Plaintiff's path and asked him to stop.  *Id.* at ¶ 11.  Plaintiff
alleges that a second Securitas security guard ("Securitas Doe
2") then grabbed Plaintiff's arm and said, "I am detaining you."
*Id.* at ¶ 12.

Plaintiff asked Securitas Does 1 and 2 on what basis they
were detaining him "and what the probable cause was[.]"  *Id.* at
¶ 13.  Securitas Does 1 and 2 did not respond to Plaintiff and,
instead, asked if the bags Plaintiff was carrying belonged to
him.  *Id.* at ¶ 14.  When Plaintiff said the bags were his,
Securitas Doe 1 asked Plaintiff to hand over the bags for
inspection.  *Id.* at ¶ 15.  In response, Plaintiff said, "no by
law the TSA is the authorized Agency allowed to search my
bags[.]"  *Id.* at ¶ 16.

At that point, Securitas Doe 2 called a third Securitas
security guard to the scene ("Securitas Doe 3").  *Id.* at ¶¶ 17-
18.  Securitas Doe 3 asked to see Plaintiff's airline ticket,

and Plaintiff showed it to him.  *Id.* at ¶ 19.  Securitas Doe 3
then asked to inspect Plaintiff's bags, and said he would
prevent Plaintiff from boarding his flight if he did not comply.
*Id.* at ¶ 20.  Plaintiff again refused, and asked Securitas Does
1, 2, and 3 whether they were authorized by TSA to inspect his
bags.  *Id.* at ¶ 21.

Plaintiff alleges that when he refused to surrender his
bags for inspection, Securitas Does 1, 2, and 3 began beating
Plaintiff.[1]  *Id.* at ¶¶ 23-26.  Plaintiff alleges that Securitas
Doe 3 put Plaintiff in a choke hold, which caused Plaintiff to
suffer a heart attack, among other injuries.  *Id.* at ¶¶ 23, 29.
Plaintiff alleges that "approximately four Guards jumped him"
and continued to beat him for about an hour before handcuffing
him.  *See id.* at ¶¶ 26, 31.

Plaintiff alleges that the Securitas security guards "used
excessive and unreasonable force" against him, and "subsequently
arrested and detained him without a probable cause or legal
justification."  *Id.* at ¶¶ 41, 35.  Securitas also "issued a
criminal citation against plaintiff without any legal basis
. . . ."  *Id.* at ¶ 36.

On March 19, 2018, Plaintiff filed the Complaint against
Defendants and the IFP Application.  The Complaint asserts the

---

[1]  The Court hereinafter refers to Securitas Does 1, 2, and 3
collectively as, "Securitas Does."

following claims against all Defendants: (1) Count 1 – Assault and Battery; (2) Count 2 – False Arrest; (3) Count 3 – False Imprisonment; (4) Count 4 – Malicious Prosecution; (5) Count 5 – Abuse of Process; (6) Count 6 – Negligence; (7) Count 7 – Gross Negligence; (8) Count 8 – Intentional Infliction of Emotional Distress; (9) Count 9 – Negligent Infliction of Emotional Distress; (10) Count 10 – Negligent Training and Supervision; and (11) Count 11 – Respondeat Superior and Vicarious Liability.

<u>DISCUSSION</u>

I.   The Complaint

     A.   Standards of Review

          1.   Subject-Matter Jurisdiction

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at

4

377.  Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject-matter jurisdiction over the action.  *See Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."); *see also* Fed. R. Civ. P. 8(a)(1).

Because Plaintiff is appearing *pro se*, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiuam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

2.   Screening the Complaint

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet--that the court must accept as true all of the allegations contained in the complaint--"is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

(citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has

facial plausibility when the plaintiff pleads sufficient content

that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556).  Factual allegations that permit the

court to infer only "the mere possibility of misconduct" do not

show that the pleader is entitled to relief as required by

Federal Rule of Civil Procedure 8.  *Id.* at 679.

A complaint must also meet Rule 8's requirements that a

complaint include a "short and plain statement of the claim,"

and that "each allegation must be simple, concise, and direct."

Fed. R. Civ. P. 8(a)(2), (d)(1).  A district court may dismiss a

complaint for failure to comply with Rule 8 where the Complaint

fails to provide the defendant fair notice of the wrongs

allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-

80 (9th Cir. 1996) (affirming dismissal of complaint where "one

cannot determine from the complaint who is being sued, for what

relief, and on what theory, with enough detail to guide

discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521

F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under

Rule 8 was in error where "the complaint provide[d] fair notice

of the wrongs allegedly committed by defendants and [did] not

qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.  Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks omitted).

B.   Application of Standards

1.   Subject-Matter Jurisdiction

In general, Plaintiff may establish the court's subject-matter jurisdiction in one of two ways.  First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, the Complaint must allege both diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).  Alternatively, Plaintiff may invoke the court's "federal-question jurisdiction" by asserting that Defendants violated the Constitution, a federal law, or

8

treaty of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The Court finds that Plaintiff fails to assert, and apparently cannot assert, the existence of diversity jurisdiction because it appears that both Plaintiff and at least one defendant are citizens of Hawai'i.  The Complaint alleges that, at all times relevant, Plaintiff was a resident of Hawai'i and that Securitas is a corporation registered and licensed to conduct business in the State of Hawai'i.  ECF No. 1 at 2.

The Court also finds that Plaintiff fails to establish federal-question jurisdiction.  Regarding "jurisdiction and venue," the Complaint states that Plaintiff brings his claims "pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth [A]mendments to the Constitution."  ECF No. 1 at § 1.  Section 1983, however, "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citations and internal quotation marks omitted).  "In order to establish federal-question jurisdiction, Plaintiff must do more than merely assert that his claims arise under federal law—he must also allege facts that are sufficient to state a plausible claim under that federal law."  *Tia v. CCA*

9

*Inc.*, Civ. No. 17-00523 JMS-RLP, 2018 WL 1123860, at *6 (D. Haw. Mar. 1, 2018).

Other than in the jurisdictional statement, the Complaint does not mention alleged violations of federal law or statute, or in any way describe which alleged conduct by Defendants constituted a violation of Plaintiff's federal rights. Nor does the Complaint specifically assert any claims pursuant to § 1983. Rather, the Complaint asserts only state law tort claims. The Court thus finds that Plaintiff fails to establish federal-question jurisdiction.

Based on the foregoing, Court recommends that the district court dismiss the Complaint for lack of subject-matter jurisdiction.[2] Even if the Complaint could be construed to assert a valid federal claim, thereby establishing subject-matter jurisdiction, the Complaint is deficient for the reasons set forth below.

> 2.    The Eleventh Amendment Bars § 1983 and State Law
>        Tort Claims Against DOT and DPS

Factual allegations in the Complaint that specifically mention DOT and DPS in the Complaint are limited to the following:

---

[2]  In light of this Court's finding that it lacks subject-matter jurisdiction, and because the Court recommends dismissal of the Complaint with leave to amend, the Court makes no finding as to the sufficiency of the allegations of Plaintiff's state law tort claims at this time.

42.  The alleged incident occurred on the premised owed [sic], managed and maintained by [DOT]

43.  Securitas security guards are and were at all times relevant times herein a private Security Company hired, contracted, and paid by [DOT] to provide security services at the Honolulu International Airport

44.  Securitas Security guards are and were at all times relevant herein worked together with DPS to effect arrest and determine of plaintiff with the active participation of the Sheriff Division [sic]

ECF No. 1 at § II, ¶¶ 42-44.  To the extent Plaintiff seeks to assert claims pursuant to § 1983 and state tort law claims against DOT and DPS, the Court finds that such claims are barred by the Eleventh Amendment.

Under the Eleventh Amendment, a state is immune from suit brought in federal court by its own citizens or citizens of other states.  *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  Federal court actions against state agencies or instrumentalities of a state are also barred by the Eleventh Amendment.  *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in the official capacities) are immune from suit under the Eleventh Amendment.  *Will v. Mich. Dep't. of State Police*, 491 U.S. 58,

66 (1989); *Pennhurst*, 465 U.S. at 99.  The Eleventh Amendment sovereign immunity applies to § 1983 litigation, as well as state law tort claims.  *See Pahk v. Haw.*, 109 F. Supp. 2d 1262, 1267-68 (dismissing the plaintiff's § 1983 claims and remanding state law tort claims against the State of Hawai'i as barred by the Eleventh Amendment).

Based on the foregoing, the Court finds that DOT and DPS, as state agencies, are immune from the state law tort claims Plaintiff asserts in the Complaint, as well as any potential § 1983 claims, pursuant to the Eleventh Amendment.  Because Plaintiff's claims against DOT and DPS are barred, the Court further finds that Plaintiff cannot cure such claims by amending his pleadings.  Accordingly, the Court recommends that the district court dismiss such claims against DOT and DPS with prejudice, *i.e.*, without leave to amend.  *See, e.g.*, *Augustin v. Dep't of Pub. Safety*, Civil No. 09-00316 ACK-BMK (D. Haw. Aug. 24, 2009) (dismissing with prejudice the plaintiff's claims against state agencies as barred under the Eleventh Amendment).

### 3.    Failure to State a Claim

#### a.    § 1983 Claim Against Securitas and the Securitas Does

The Court finds that the Complaint fails to state a claim against Securitas and the Securitas Does pursuant to § 1983.  To sustain a civil rights action pursuant to § 1983, a plaintiff

"must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

The Complaint alleges that Securitas and the Securitas Does are private parties hired by DOT to provide airport security services. ECF No. 1 at § II, ¶ 43. A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The Ninth Circuit recognizes "at least four different criteria, or tests used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* But under any of the four tests, "the central question remains whether the alleged infringement of

13

federal rights [is] fairly attributable to the government." *Id.*
at 1096 (citation and internal quotation marks omitted).

To establish joint action, a plaintiff must show willful,
joint participation between the state and a private actor in
which "the state has so far insinuated itself into a position of
interdependence with the private [actor] that it must be
recognized as a joint participant in the challenged activity.
This occurs when the state knowingly accepts the benefits
derived from unconstitutional behavior." *Florer v. Congregation
Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011)
(citations and internal quotation marks omitted).

The Complaint, even when liberally construed, fails to
allege sufficient facts indicating that Securitas or the
Securitas Does satisfies any of the four tests identifying state
action, or were otherwise state actors.  The Complaint alleges
that DOT hired Securitas to provide airport security services,
and that the Securitas Does worked with DPS to arrest Plaintiff.
ECF No. 1 at § II, ¶¶ 43-44.  Aside from these allegations,
however, the Complaint mentions no direct involvement--much less
willful, joint participation--by DOT or DPS in Plaintiff's
incident with the Securitas Does.  Without supporting factual
allegations, Plaintiff's allegation that the Securitas Does
worked jointly with DPS is purely conclusory.  Stated
differently, the Complaint fails to put forth factual

allegations that any alleged violation of federal rights by Securitas and the Securitas Does was attributable to DOT or DPS.

Based on the foregoing, the Court finds that the Complaint does not contain sufficient facts to show that Securitas and the Securitas Does were state actors. The Court further finds, however, that it is arguably possible for Plaintiff to cure the defects noted herein by amendment. Accordingly, the Court recommends that the district court grant Plaintiff leave to file an amended complaint that asserts § 1983 claims against Securitas and the Securitas Does, alleging that they were state actors.

b. Fourteenth Amendment Claims

The Fourteenth Amendment provides, in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson*, 457 U.S. 922, 923 (1982). In other words, this clause applies "only to action taken by states." *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he state-

action requirement of the Fourteenth Amendment . . . excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (citation omitted)).

To the extent Plaintiff seeks to assert claims against DOT and DPS pursuant to the Fourteenth Amendment, the Court finds that the Complaint fails to state such a claim. First, as to DOT, the Complaint does not allege any state action by DOT that resulted in a violation of Plaintiff's Fourteenth Amendment rights. Nor does the Complaint allege which of Plaintiff's Fourteenth Amendment rights DOT allegedly violated. The Complaint simply asserts that DOT owns and maintains the land on which the alleged incident took place, and that DOT hired Securitas to provide security services for the Airport. *See* ECF No. 1 at § II, ¶¶ 42, 43. The Court thus finds that the Complaint's allegations fail to put DOT on notice of its alleged acts that Plaintiff contends constituted a violation of his Fourteenth Amendment rights. *See McHenry*, 84 F.3d at 1178-80.

Second, as to DPS, the Complaint similarly does not allege which of Plaintiff's Fourteenth Amendment rights DPS allegedly violated. Plaintiff's only allegation against DPS states that Securitas "worked together with DPS to effect arrest[.]" ECF No. 1 at § II, ¶ 44. This statement, however, is conclusory and unsupported by the Complaint's other factual allegations. In describing the subject incident between Plaintiff and the

16

Securitas Does, the Complaint does not allege any direct involvement by DPS or its employees.  The Court thus finds that the Complaint fails to state a claim against DPS for alleged violation of Plaintiff's Fourteenth Amendment rights under Rule 8.  *See Iqbal*, 556 U.S. at 678.

Furthermore, to the extent Plaintiff seeks to assert a claim against Securitas and the Securitas Does pursuant to the Fourteenth Amendment, the Court finds that the Complaint fails to state such a claim for the same reason that the Complaint fails to state a § 1983 claim against them.  *Cf. Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983].").  In other words, the Complaint fails to allege conduct that constitutes "state action" on the part of Securitas and the Securitas Does.

Based on the foregoing, the Court finds that the Complaint fails to state a claim based on an alleged violation of Plaintiff's Fourteenth Amendment rights.  The Court further finds, however, that it is arguably possible for Plaintiff to cure the defects noted herein by amendment.  Accordingly, the Court recommends that the district court grant Plaintiff leave to file an amended complaint that includes a claim based on alleged Fourteenth Amendment violations.

4.   Claims Against Remaining Doe Defendants

The Complaint's caption indicates that Plaintiff also asserts claims against Doe Defendants.  The Complaint, however, fails to include any factual allegations to put each Doe Defendant on notice of each individual's alleged acts or omissions that Plaintiff claims violated his federal rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citing *Iqbal*, 556 U.S. at 676) (explaining that under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights).

Moreover, because any anonymous defendant cannot be served, the use of doe defendants is disfavored in federal court.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). While a plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, he must allege facts to support how each individual doe defendant violated the plaintiff's constitutional rights--as Plaintiff has done with the Securitas Does.  If a plaintiff provides such details, he may then use the discovery processes to obtain the names of any doe defendants he believes violated his constitutional rights and seek leave to amend those defendants, unless discovery will not uncover their identities, or the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Based on the foregoing, the Court finds that the Complaint fails to state a claim against the remaining Doe Defendants. The Court thus recommends that the district court dismiss the claims against the remaining Doe Defendants without prejudice.

C.   Leave to Amend

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies outlined above.  Any amended complaint, however, may not include § 1983 claims or state law tort claims against DOT or DPS because such claims are barred under the Eleventh Amendment, as set forth above.

In addition, any amended complaint must comply with Federal Rule of Civil Procedure 8.  If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court:  (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff should repeat this process for each person or entity that he names as a defendant, by name or as a doe defendant.

Plaintiff must also list separate causes of action for alleged violations of his federal rights, as well as any pendant state law claims he wishes to assert.  Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." LR10.3.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In other words, if Plaintiff files an amended complaint, the original Complaint no longer serves any function in this case.  Any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint" (citation and internal quotation marks omitted)).

II.  IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application at this time.  The Court further recommends, however, that the district court grant Plaintiff leave to file another application he if chooses to file an amended complaint.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1.  DISMISS the Complaint WITH LEAVE TO FILE AN AMENDED COMPLAINT curing the deficiencies identified above no later than thirty (30) days from an order adopting this Findings and Recommendation; and

2.  DENY Plaintiff's IFP Application with leave to file another application if he chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawai'i, April 6, 2018.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Annan-Yartey v. State of Haw. Dep't of Trans. Airport, et al.*, CV 18-00107 HG-KJM; Findings And Recommendation To:  (1) Dismiss Complaint with Limited Leave to Amend; (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs