IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NAPOLEON T. ANNAN-YARTEY, SR., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 18-00107 HG-KJM |
| Plaintiff, | | |
| v. | | |
| SECURITAS SECURITY SERVICE USA, INC.; SANJ SAPPAL; JUSTIN CASTRO; E. RODRIGUEZ; W. AGAPAY; R. RODERICK, | | |
| Defendants. | | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT, FILED JULY 16, 2018 (ECF No. 31)**

On July 16, 2018, Plaintiff filed his Third Amended Complaint, naming as Defendants Securitas Security Service USA Inc. (hereafter "Securitas"), Sanj Sappal, Justin Castro, E. Rodriguez, W. Agapay, and Rojas Roderick. (ECF No. 29). The named individual defendants are all employees of Securitas. On July 31, 2018, Defendants filed a Motion to Dismiss the Third Amended Complaint. (ECF No. 31).

Plaintiff filed seven different documents that he labeled as Complaints throughout the course of proceedings in this case. Both the Magistrate Judge and the District Judge issued multiple orders with detailed instructions and guidance to inform Plaintiff how to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Despite the Court's multiple efforts, Plaintiff continually failed to comply

1

with the Rules.[1]  Plaintiff has not properly pled a federal law cause of action to confer the Court with subject-matter jurisdiction.

Plaintiff's Third Amended Complaint does not contain a plausible federal law cause of action.  There is no diversity jurisdiction in this case.  The Court declines to take supplemental jurisdiction on Plaintiff's state law causes of action.

Plaintiff's Third Amended Complaint (ECF No. 29) is **DISMISSED WITH PREJUDICE**.

**PROCEDURAL HISTORY**

On March 19, 2018, Plaintiff filed a pleading entitled COMPLAINT FOR VIOLATION OF CIVIL RIGHTS and an Application to Proceed In Forma Pauperis.  (ECF Nos. 1, 2).

On April 6, 2018, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT WITH LIMITED LEAVE TO AMEND; (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.  (ECF No. 5).

---

[1] Plaintiff has filed more than half a dozen lawsuits in the United States District Court for the District of Hawaii and has been repeatedly instructed that he is required to comply with both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  See Annan-Yartey v. Equifax Credit Inc., 95-cv-00725 DAE-FIY; Annan-Yartey v. State of Hawaii, 97-cv-01383 ACK-FIY; Annan-Yartey v. Harris, 01-cv-00426 SOM-KSC; Annan Yartey v. Star Protection, 03-cv-00267 DAE-BMK; Annan-Yartey v. Honolulu Police Department, 06-cv-00166 DAE-BMK; Annan-Yartey v. DTRIC Insurance Co., 13-cv-00391 DKW-BMK; Annan-Yartey v. Muranaka, 16-cv-00590 JMS-KJM.

On May 11, 2018, the Court adopted the Magistrate Judge's Findings and Recommendation. (ECF No. 8).

Also on May 11, 2018, Plaintiff filed an Amended Complaint and a second Application to Proceed In Forma Pauperis. (ECF Nos. 9, 10).

On June 4, 2018, Plaintiff filed another pleading entitled PLAINTIFF NAPOLEON T. ANNAN-YARTEY'S AMENDED CIVIL RIGHTS COMPLAINT. (ECF No. 19). The Court construed the pleading as a Second Amended Complaint.

On June 18, 2018, the Magistrate Judge struck the Second Amended Complaint as Plaintiff exceeded the leave to amend granted in the Court's May 11, 2018 Order. (ECF No. 22).

Also on June 18, 2018, Plaintiff paid the filing fee. (ECF No. 24).

On June 19, 2018, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO: (1) DISMISS FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 23).

On June 29, 2018, Plaintiff filed a pleading entitled SECOND AMENDED COMPLAINT. (ECF No. 25).

On July 2, 2018, Plaintiff filed another pleading entitled AMENDED COPY SECOND AMENDED COMPLAINT. (ECF No. 26).

On July 12, 2018, the Court issued an Order Adopting the Magistrate Judge's Findings and Recommendation. (ECF No. 28). The Court also struck Plaintiff's filings entitled SECOND AMENDED

COMPLAINT (ECF No. 25) and AMENDED COPY SECOND AMENDED COMPLAINT (ECF No. 26).

On July 16, 2018, Plaintiff filed a Third Amended Complaint. (ECF No. 29).

On July 31, 2018, Defendants filed a Motion to Dismiss. (ECF No. 31).

On August 6, 2018, Plaintiff filed another pleading also entitled Third Amended Complaint. (ECF No. 34).

On August 9, 2018, the Court struck Plaintiff's August 6, 2018 pleading. (ECF No. 35).

On August 16, 2018, Plaintiff filed an Opposition. (ECF No. 37).

On August 31, 2018, Plaintiff filed a Reply. (ECF No. 40).

Pursuant to Local Rule 7.2(d), the Court elected to decide the matter without a hearing. (ECF No. 33).

## BACKGROUND

Plaintiff has filed his fourth attempt to plead a cause of action pursuant to 42 U.S.C. § 1983 against Defendant Securitas and the individually named Defendants. Plaintiff alleges that he is a Black male, Permanent Resident of the United States of America, who is domiciled in the State of Hawaii. (Third Amended Complaint at ¶ 4, ECF No. 29)

Plaintiff alleges that Defendant Securitas Security Service, Inc. (hereinafter "Securitas") "is a corporation duly existing by reason of and pursuant to the laws of the State of Hawaii." (Id.

4

at ¶ 5). Defendants Castro, Rodriguez, and Agapay are employed as security guards by Securitas. (Id. at ¶¶ 6-8). Defendant Roderick is employed as a Security Guard Supervisor by Securitas. (Id. at ¶ 9). Defendant Sappal is a Vice President of Securitas. (Id. at ¶ 10).

Plaintiff alleges that on July 4, 2017, at 2:30 AM, he was falsely arrested and beaten by Defendants Agapay, Rodriguez and Castro while waiting for his flight at Honolulu International Airport. (Id. at ¶¶ 29-30). Plaintiff states that he was stopped by Defendants Agapay and Rodriguez as he was walking from his friend's vehicle toward the Delta Airline check-in counter. (Id. at ¶¶ 39-41). Defendant Rodriguez allegedly told Plaintiff, "I am detaining you." (Id. at ¶ 41). Plaintiff claims that Defendants Rodriguez and Agapay refused to answer Plaintiff's questions about why he was being detained. (Id. at ¶¶ 42-43).

According to the Third Amended Complaint, Defendants Rodriguez and Agapay asked Plaintiff if the baggage he was carrying belonged to him and asked Plaintiff to provide the keys to the bags for inspection. (Id. at ¶¶ 43-45). Plaintiff refused to provide the keys, stating that only the Transportation Security Administration agency was authorized to search passenger bags. (Id. at ¶ 46). Defendants Rodriguez and Agapay called for backup and Defendant Castro arrived. (Id. at ¶¶ 47-48). After inspecting Plaintiff's ticket, Defendant Castro again demanded the keys to Plaintiff's baggage. (Id. at ¶¶ 48-49). Plaintiff again objected, and Defendants Rodriguez, Agapay, and Castro

5

allegedly slammed Plaintiff to the ground by his neck, causing Plaintiff to sustain injuries. (Id. at ¶ 52). Defendant Castro then allegedly instructed Defendants Agapay and Rodriguez to remove the keys from Plaintiff's pocket. (Id. at ¶ 56).

The exact sequence of the allegations is difficult to decipher from the Third Amended Complaint. Plaintiff claims he was beaten in intervals between roughly 2:45 AM and 3:45 AM, until he was unconscious. (Id. at ¶¶ 54-55, 57-58, 63-69). He states that at some point during this period, he was handcuffed. (Id. at ¶¶ 53, 57). Plaintiff alleges that Securitas issued him a criminal citation and initiated criminal proceedings against him. (Id. at ¶ 68).

According to Plaintiff, someone allegedly called paramedics at 3:50 AM. (Id. at ¶ 59). At an unspecified time later, paramedics arrived and took Plaintiff to Kuakini Medical Center. (Id. at ¶¶ 60, 70).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of

6

the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Plaintiff appears pro se. The Court liberally construes Plaintiff's filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.")(citing

8

Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

Allegations in a complaint may not simply recite the elements of a cause of action. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Id. Factual allegations taken as true must plausibly suggest an entitlement to relief. Id.

To date, Plaintiff has filed **seven** documents that he has labeled as complaints. (ECF Nos. 1, 9, 19, 25, 26, 29, and 34). The Magistrate Judge and District Judge have each issued multiple orders with guidance as to the timing and content necessary for Plaintiff to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii in amending a complaint.

Plaintiff has already received several opportunities to amend his complaint. In Plaintiff's Third Amended Complaint, he attempts to assert thirteen causes of action. Construed liberally, Plaintiff lists both federal and state law claims in the Third Amended Complaint.

Plaintiff has listed nine separate causes of action as being brought pursuant to 42 U.S.C. § 1983. The nine causes of action each seek relief for various violations of three separate amendments to the United States Constitution:

> (1) the First Amendment of the United States Constitution, U.S. Const. Amend. I.;

9

(2) the Fourth Amendment of the United States
Constitution, U.S. Const. Amend. IV.; and,

(3) the Fourteenth Amendment of the United States
Constitution, U.S. Const. Amend. XIV.

Plaintiff's Third Amended Complaint also brings a variety of Hawaii state law claims for (1) negligence, (2) excessive force, (3) false arrest, (4) false imprisonment, (5) assault, (6) battery, (7) intentional infliction of emotional distress, (8) failure to properly screen and hire, (9) failure to properly train, (10) failure to supervise or discipline, and (11) punitive damages.

Plaintiff's Third Amended Complaint is difficult to decipher and combines state law claims and Section 1983 claims in the same causes of action. Each of the causes of action he styles as Section 1983 violations allege that the First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

The Court examines the allegations with respect to the three separate Amendments to the United States Constitution to determine if Plaintiff has stated a claim pursuant to 42 U.S.C. § 1983.

The Court finds that Plaintiff has not stated a plausible Section 1983 claim or any other federal law claim that would provide the Court with federal law subject-matter jurisdiction.

## I. PLAINTIFF'S SECTION 1983 CLAIMS FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

Plaintiff cites to the First Amendment of the United States Constitution in the Third Amended Complaint. The Third Amended Complaint does not contain a single allegation that would support a claim pursuant to the First Amendment of the United States Constitution.

There are no facts pled that would allow Plaintiff to proceed on such a claim.

Plaintiff's Section 1983 claims for violations of the First Amendment to the United States Constitution are **DISMISSED WITH PREJUDICE.**

## II. PLAINTIFF'S SECTION 1983 CLAIMS FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Plaintiff previously attempted to plead a claim pursuant to the Fourteenth Amendment of the United States Constitution for "due process" violations. The claim was already dismissed with prejudice by the Findings and Recommendation as adopted by the Court. (Findings and Recommendation, hereinafter "F&R", at pp. 20-22, ECF No. 23).

The Due Process Clause of the Fourteenth Amendment protects the liberty of pretrial detainees and convicted prisoners. Alexander v. City & Cty. of Honolulu, 545 F. Supp. 2d 1122, 1132 (D. Haw. 2008)(citing Redman v. Cty. of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991), abrogated on other grounds by Farmer v.

Brennan, 511 U.S. 825 (1994)).

As in his previous Complaints, the entirety of the conduct described in the Third Amended Complaint occurred before any possible arraignment. The Court has explained at length to the Plaintiff that he cannot state a claim for relief based on the facts alleged, because he was not a pretrial detainee or convicted prisoner. Plaintiff has not established any other basis for a Section 1983 claim pursuant to the Fourteenth Amendment.

Plaintiff's Section 1983 claims for violations of the Fourteenth Amendment to the United States Constitution are **DISMISSED WITH PREJUDICE.**

### III. PLAINTIFF'S SECTION 1983 CLAIMS FOR VIOLATIONS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

#### A. FOURTH AMENDMENT CLAIMS AGAINST SECURITAS

In the Court's previous Order, Plaintiff was instructed as to what he must do to state a claim against Securitas for violation of the Fourth Amendment of the United States Constitution. (F&R at pp. 10-17, ECF No. 23). Plaintiff has failed to do so. Plaintiff has not cured the deficiencies set forth in the Findings and Recommendation.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under

the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In Monell v. Dep't of Soc. Servs. of City of New York, the Supreme Court of the United States held that municipalities and other local government units may be subject to suit under Section 1983.  436 U.S. 658, 694 (1978).  Under Monell, a municipality can not be held liable solely because it employs a tortfeasor.  Id. at 691.  To hold a municipality liable for the actions of its employees, the constitutional violation must be caused by either a "policy, practice, or custom of the entity," or "be the result of an order by a policy-making officer."  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  In Tsao, the Ninth Circuit Court of Appeals held that Monell applied to suits brought under Section 1983 against private entities acting on behalf of municipalities.  Id. at 1139.

Plaintiff was informed that in order to plead a Monell claim, he must allege and identify a specific policy statement, ordinance, regulation, or decision officially adopted and promulgated by Securitas that led to the alleged incident involving the Defendants Sappal, Castro, Rodriguez, Agapay, and Roderick (hereinafter "Individual Defendants").  (F&R at pp. 15-17, ECF No. 23).  Plaintiff was also informed that in order to allege facts showing a policy of inaction, Plaintiff must do more than use key terms and conclusory allegations.  (Id.)

Plaintiff has not cured the defects identified in the

13

previous Complaint.

Plaintiff does not identify a specific policy, practice, or custom of Securitas which led to the alleged incident between Plaintiff and the Individual Defendants. Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014); Tsao, 698 F.3d at 1144. Plaintiff does not identify an order by a policy-making officer that led to the conduct alleged. Instead, Plaintiff relies entirely on conclusory statements that such a policy, practice, custom, or order existed. (Third Amended Complaint at ¶¶ 12, 85, 90, 116, 132, 133, 147, 148, 155, 177, 182, 188, ECF No. 29). It is not enough to repeatedly state that a policy, practice, custom, or order existed and caused his injuries. Plaintiff must identify with specificity what the policy, practice, custom, or order he is referring to.

Further, Plaintiff fails to allege any facts that illustrate Securitas had actual or constructive notice such that it could have prevented the alleged incident by implementing a particular policy. Gibson v. Cty. of Washoe, 290 F.3d 1175, 1194 (9th Cir. 2002).

The Third Amended Complaint fails to state a plausible Section 1983 claim under Monell against Securitas. Plaintiff must allege facts, not recite legal terms.

Plaintiff has already been given numerous opportunities to amend his Complaints to state a claim against Securitas and failed to do so.

Plaintiff's Section 1983 claims for violations of the Fourth

Amendment of the United States Constitution against Securitas are **DISMISSED WITH PREJUDICE.**

### B. FOURTH AMENDMENT CLAIMS AGAINST INDIVIDUAL DEFENDANTS

In most circumstances, a private individual does not act under color of state law, an essential element of a Section 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct is not covered by Section 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Pursuant to 42 U.S.C. § 1983, private parties may only be held liable if a plaintiff can show the private party's conduct amounted to state action. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). There are four tests to determine if a private party's conduct amounts to state action:

(1) the public function test;

(2) the joint action test;

(3) the state compulsion test; and

(4) the governmental nexus test.

Tsao, 698 F.3d at 1140. The plaintiff has the burden to plead and prove state action by a private defendant. Id. (citing Lugar, 457 U.S. at 937).

Plaintiff's allegations in the Third Amended Complaint do

not demonstrate that the Individual Defendants acted under color of state law.  Plaintiff has failed to allege facts that meet any of the above tests for state action by the Individual Defendants.  The conduct alleged in the Third Amended Complaint appears to be limited to state law assault and battery claims.  Such claims are subject to Hawaii state law, not federal law.  (Third Amended Complaint at pp. 5-7, ECF No. 29).

Plaintiff has already been given numerous opportunities to amend his Compliant against the Individual Defendants (formerly Doe Defendants) and failed to do so.  Further amendment would be futile.

Plaintiff's Section 1983 claims for violations of the Fourth Amendment of the United States Constitution against the Individual Defendants are **DISMISSED WITH PREJUDICE.**

## IV. PLAINTIFF'S STATE LAW CLAIMS

There are no remaining federal claims and no other basis for federal subject-matter jurisdiction.  The Court declines to assert supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED.**

Plaintiff's Section 1983 claims pursuant to the First Amendment of the United States Constitution are **DISMISSED WITH**

**PREJUDICE.**

Plaintiff's Section 1983 claims pursuant to the Fourteenth Amendment of the United States Constitution are **DISMISSED WITH PREJUDICE.**

Plaintiff's Section 1983 claims pursuant to the Fourth Amendment of the United States Constitution are **DISMISSED WITH PREJUDICE.**

The Court declines to assert supplemental jurisdiction over the remaining state law claims.

The Clerk of Court is ordered to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, September 13, 2018.

Helen Gillmor
United States District Judge

Napoleon Annan-Yartey, Sr. v. Securitas Security Service USA, Inc.; Sanj Sappal; Justin Castro; E. Rodriguez; W. Agapay; R. Roderick, CIVIL NO. 18-00107 HG-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT, FILED JULY 16, 2018 (ECF No. 31)**